**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| PETER HANDY<br><br>Plaintiff<br><br>v.<br><br>BRIAN MCCORMICK<br><br>Defendant | Civil No. 09-2306 JFM |

**PLAINTIFF'S REPLY TO DEFENDANT'S**
**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

INTRODUCTION

Defendant McCormick opposes Plaintiff Handy's motion for summary judgment by making outrageous, unsupported arguments that ignore the law and facts in this case. Rather than demonstrating the existence of genuine issues of fact or demonstrating that Plaintiff is not entitled to judgment as a matter of law, Defendant points to facts that are neither material nor probative and makes arguments that are utterly devoid of support. Thus, Plaintiff's motion for summary judgment should be granted.

STANDARD OF REVIEW

"The purpose of summary process is to avoid a clearly unnecessary trial," *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed.Cir.1991) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)), and "it is not designed to substitute lawyers' advocacy for evidence, or affidavits for examination before the fact-finder, when there is a genuine issue for trial." *Continental Can Co.,* 948 F.2d at 1265.

Once the moving party satisfies his threshold showing under Rule 56(c), the burden of production, not persuasion, shifts to the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. The non-movant must "go beyond the pleadings and by [his] own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. at 2553. "The plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322, 106 S.Ct. at 2552. Defendant has not met his burden. Therefore, his defense must fail.[1]

ARGUMENT

1. McCormick reaffirmed the debt

Although McCormick asserts that the claims on four of the five notes are barred by limitations, his defense fails because he re-affirmed the debt as a matter of law. On April 16, 2009 McCormick wrote to Plaintiff via email:

> Attached you will find a file that I have been maintaining over the years **regarding the amount of money that I owe you**. As you can see, the amount that I show as being owed to you as of 4/1/2009 based on a simple interest calculation is $1,489,540.94. I have repaid you $607,704.51 over the past several years but quite frankly, the full amount should have been repaid long ago.

*See* Affidavit of Handy ¶ 4, Complaint Ex. A, Answer to Complaint ¶ 4 (emphasis supplied). McCormick has not made any payments since April 1, 2009 and has not disavowed the April 16

[1] McCormick's claim that the failure to produce the notes precludes the grant of summary judgment is without merit. Under Texas law, the re-affirmation creates a new obligation. *Kearns v. Vineyard Bay Development Co., (In re Vineyard Bay)*, 132 F.3d 269, 271 (5th Cir, 1998). Moreover, if the notes contained any material information, he would have come forward with it. Similarly, while McCormick claims that he has been deprived of the opportunity to conduct discovery, he has failed to file a Rule 56(f) affidavit. Thus, that smokescreen must also be ignored.

email. Affidavit of Handy ¶¶ 7-8. Then, in a July 27, 2009 email McCormick again acknowledged the debt:

> Peter:
> Things in the Middle East are moving along well. Both sentiment and liquidity are improving. As you know, I am completely reliant on the $ that I pull out of the Middle East to live, pay you etc. I am owed a big chunk of $ but payment has been very slow as $ transfers are very dependent on sentiment. I am currently expecting to get $ in August from which I will make a payment to you. I am truly very appreciative for your friendship and for everything that you have done for me. I am sorry that this issue has dragged out.
> Thanks,
> Brian
> Affidavit of Handy ¶ 5.

Although McCormick proposed a payment plan that was not accepted, the admission that the debt was due and owing was not conditioned or compromised. The fact that he was then unable to meet his proposed timeline for repayment does not, as McCormick suggests in his Opposition (pp. 6-7), alter the acknowledgement that the debt was due. The April 16 email was "an unequivocal acknowledgment of the justness or the existence of the particular obligation" and "refer[red] to the obligation and express[ed] a willingness to honor that obligation". *Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex. 2002), *Bright & Co. v. Holbein Family Mineral Trust*, 995 S.W.2d 742, 745 (Tex. App.--San Antonio 1999, pet. denied). McCormick's arguments to the contrary are specious.

2. The Email Was Effective Without A "Signature"

McCormick claims that the lack of a "signature" on his emails renders them non-binding.[2] Were it not for the existence of a federal statute completely gutting that argument of merit, it might be worthy of extended discussion. However, his argument that the emails were

[2] At no point in his opposition or affidavit does McCormick allege that he was not the sender of the email.

"unsigned" and therefore ineffective is contrary to the Electronic Signatures In Global and National Commerce Act, 15 U.S.C. §7001(a). That statute provides that:

> Notwithstanding any statute, regulation, or other rule of law (other than this subchapter and subchapter II of this chapter), with respect to any transaction in or affecting interstate or foreign commerce—
>
> (1) a signature, contract, or other record relating to such transaction may not be denied legal effect, validity, or enforceability solely because it is in electronic form; and
> (2) a contract relating to such transaction may not be denied legal effect, validity, or enforceability solely because an electronic signature or electronic record was used in its formation.

The April 16 email was an electronic record.[3] The sending of the April 16 email, without McCormick's formal signature block is, therefore, legally sufficient to bind him. *Cloud Corp. v. Hasbro, Inc.*, 314 F.3d 289, 295-6 (7th Cir. 2002) *reh and reh. en banc den.* (2003). McCormick's argument is without merit.

CONCLUSION

Plaintiff has, through Defendant's own words, demonstrated that Defendant borrowed money, Defendant failed to repay the money and Defendant acknowledged and re-affirmed the debt as a matter of law. Therefore, Plaintiff Peter Handy requests that judgment be entered against Brian McCormick in the amount of $1,559,320.29 plus per diem interest from November 1, 2009 of $326.07 and costs of $350.00.

[3] "The term 'electronic record' means a contract or other record created, generated, sent, communicated, received, or stored by electronic means." 15 U.S.C. § 7006(4)

Respectfully submitted,

___/s/ Joel S. Aronson_______
Joel S. Aronson Bar No. 2723
Lerch, Early & Brewer, Chtd.
3 Bethesda Metro Center Suite 460
Bethesda, MD 20814
301 347 1276
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically, on the _30th__ day of __November__ 2009 to those parties receiving notice via ECF.

______/s/ Joel S. Aronson_________
Joel S. Aronson