IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER HANDY | * | |
| | * | |
| v. | * | Civil No. JFM-09-2306 |
| | * | |
| BRIAN MCCORMICK | * | |

*****

MEMORANDUM

Peter Handy has brought this action against Brian McCormick seeking to recover $1,559,320.29 (plus interest and costs) under five promissory notes. Handy has filed a motion for summary judgment to which McCormick has responded. The motion will be granted.

McCormick claims that Handy's claims under four of the five promissory notes are barred by the statute of limitations. It is undisputed that Texas law applies, and the issue presented by McCormick's defense is whether McCormick acknowledged the debt he owes to Handy. He did. On April 16, 2009, McCormick sent an email in which McCormick stated that "[a]s you can see, the amount that I show as being owed to you as of 4/1/2009 based on a simple interest calculation is $1,489,540.94. I have repaid $607,704.51 over the past several years but quite frankly, the full amount should have been repaid long ago." Under Texas law having acknowledgment of a debt is "admissible in evidence to defeat the law of limitations" if it (1) is in writing and signed by the party to be charged, (2) contains an unequivocal acknowledgment of the justness of the existence of the particular obligation, and (3) refers to the obligation and expresses a willingness to honor that obligation. *See Stine v. Stewart*, 80 S.W.3d 586, 591 (Tex.

2002).  McCormick's April 16th email meets all three of these conditions.[1]


DATE:  12/4/2009                    ____/s/_____
                                    J. Frederick Motz
                                    United States District Judge

---

[1] The email is not signed by McCormick but in his opposition to his summary judgment motion he does not deny that he sent it.  Moreover, the email is an "electronic record" within the meaning of 15 U.S.C. §7001(a).